UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARCUS WILLIAMS, :
: Civil Action No. 13-1507 (SDW)
        Petitioner, :
:
v. : **OPINION**
:
UNITED STATES OF AMERICA, :
:
        Respondent. :

**WIGENTON**, District Judge:

Presently before the Court is the motion of Marcus Williams ("Petitioner") to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. (ECF No. 1). Petitioner filed his motion on or about March 12, 2013. (ECF No. 1). Following this Court's order to answer, the Government filed a response (ECF No. 12), to which Petitioner has replied. (ECF No. 15). Nearly nine months after he filed his reply, Petitioner also filed a motion to amend his reply brief. (ECF No. 17). Because this Court has considered Petitioner's amended reply in reaching the conclusions expressed below, this Court will grant Petitioner's motion to amend his reply brief (ECF No. 17). For the following reasons, however, this Court will deny Petitioner's motion to vacate his sentence, and will deny Petitioner a certificate of appealability.

**I. BACKGROUND**

On June 22, 2011, Petitioner, Marcus Williams, pled guilty pursuant to a plea agreement to a one count information charging him with knowingly and intentionally distributing and possessing with the intent to distribute 28 grams or more of a mixture containing cocaine base in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B) as well as 18 U.S.C. § 2. (Docket No. 11-421 at 22-26). In his plea agreement, Petitioner was informed that this guilty plea would carry "a

statutory minimum prison sentence of 5 years, a statutory maximum prison sentence of 40 years" and relevant fines. (Docket No. 11-421 at ECF No. 26 at 2). The plea agreement further informed Petitioner that his sentence rested "within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act . . . and the sentencing judge's consideration of the United States Sentencing Guidelines." (*Id.*). The agreement also expressly provided that the Guidelines were advisory, and not mandatory, and that this Court could impose any sentence up to and including the statutory maximum term. (*Id.*).

Under the agreement, Petitioner and the Government stipulated that Petitioner's offense level was 23 based on a Guidelines Calculation that did not include any career criminal enhancement. (*Id.* at 7). Both parties also agreed not to seek any upward or downward departure or variance and that a sentence under an offense level of 23 was reasonable. (*Id.* at 8). The agreement explicitly informed Petitioner, however, that if "the sentencing court rejects a stipulation [such as the agreed upon Guidelines calculation], both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so" and that the Government would not be restricted from responding to questions posed by the Court during sentencing. (*Id.* at 3). Petitioner and his counsel signed the plea agreement on February 28, 2011.[1] (*Id.* at 6).

Prior to entering his guilty plea, Petitioner and his attorney filled out, and Petitioner signed, a Rule 11 application to plead guilty. (Docket No. 11-421 at ECF No. 25). In that application,

---

[1] The plea agreement also included an appellate and collateral attack waiver applicable if this Court sentenced Petitioner within the agreed upon Guidelines range. Because this Court sentenced Petitioner to a sentence greater than that provided by the agreed upon range, and because the Government has not sought to enforce that waiver here, this Court need not address the waiver further nor Petitioner's argument that the waiver does not bar his current claims. (*Id.* at 4-8). This Court instead addresses Petitioner's substantive claims on their merits.

Petitioner acknowledged that he had been informed that he faced a maximum sentence of 40 years and a minimum sentence of five years. (*Id.* at ¶ 23). Petitioner also stated in the application that he understood that his sentence would be within the "sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act of 1984" and that his sentence would also be based on this Court's consideration of the applicable Guidelines range, which was advisory and not mandatory. (*Id.* at ¶ 25-27). Petitioner further stated that he had discussed the Guidelines with his attorney, that his attorney had provided him with satisfactory help and advice, and that he understood that he would not be permitted to withdraw his guilty plea if this Court did not follow the Guidelines stipulations contained in his plea agreement. (*Id.* at ¶ 28, 41-42).

    Petitioner pled guilty on June 22, 2011. (Docket No. 11-421 at ECF No. 31). During the plea hearing, this Court first confirmed that Petitioner was capable of understanding the plea hearing, and that he was not then on any medication which would impair his understanding. (*Id.* at 3). Petitioner thereafter informed the Court that he had had a complete opportunity to speak with his attorney, and that he was satisfied with the advice he had received from counsel. (*Id.* at 4). Petitioner also confirmed that he understood that, by pleading guilty, he was giving up his rights to have a grand jury indict him, to have a jury trial where the Government would have to prove his guilt beyond a reasonable doubt, and his right to appeal under the circumstances specified in Petitioner's plea agreement. (*Id.* at 4-7). Petitioner also confirmed that he had discussed these rights with his attorney, had them explained to his satisfaction, and had all of his questions answered by counsel. (*Id.* at 4-6). Petitioner further stated that he had discussed the Sentencing Guidelines with counsel. (*Id.* at 7-8). The Court also discussed its discretion with Petitioner:

> THE COURT: And you do understand that the Court is not bound by [the] Sentencing Guidelines, and that any sentence that is imposed, I [will] impose within my discretion. You understand that?

> [Petitioner]: Yes.
>
> THE COURT: Now, once again, while the Guidelines will be used in an advisory capacity, I ultimately determine what is the appropriate sentence to be imposed. Do you understand that?
>
> [Petitioner]: Yes.
>
> THE COURT: Now, that same discretion holds, meaning my determination as to what sentence is appropriate, holds regardless of any agreement that you've reached between you and your attorney, or your attorney and the Government. Those agreements are not binding on me, the Court. You understand that?
>
> [Petitioner]: Yes.
>
> THE COURT: Now, knowing all those things, do you still wish to plead guilty?
>
> [Petitioner]: Yes.

(*Id.* at 8). After again confirming that he had discussed the plea agreement with counsel, and that he understood the appellate waiver therein, Petitioner provided a factual basis for his plea during which he stated that he agreed to sell an individual 33.7 grams of crack cocaine. (*Id.* at 9-11). Based on Petitioner's statements to this Court regarding his rights and the factual basis provided, this Court concluded that Petitioner was knowingly and voluntarily entering his plea of guilty, and accepted that plea. (*Id.* at 12).

Petitioner appeared before the Court on December 20, 2011, for sentencing. (*See* Docket No. 11-421 at ECF No. 30). On direct appeal, the Third Circuit provided the following summary of Petitioner's sentencing hearing:

> [Following his guilty plea, t]he Probation Office prepared a Presentence Investigation Report, which calculated a total offense level of thirty-one based on [Petitioner's] status as a career offender pursuant to § 4B1.1(b)(2) of the United States Sentencing Guidelines [and a three level reduction for acceptance of responsibility.] [Petitioner's] undisputed criminal history category

4

> was VI, yielding a Guidelines range of 188 to 235 months. At sentencing, the prosecutor admitted that he made a mistake in calculating [Petitioner's] offense level, but acknowledged that the Government nonetheless was bound by the written plea agreement.
>
> Over six interrupted transcript pages, the District Court explained why it would not impose a sentence at the offense level contemplated by the plea agreement. The Court emphasized [Petitioner's] "very extensive criminal history" and observed that, in view of the sentences imposed on other Defendants in the same matter, unwarranted disparities would be created if the Court followed the agreement. The Court noted that [Petitioner's] history and characteristics, his needs, and the general need for deterrence made the career offender enhancement "applicable and appropriate." At the same time, the Court observed that it was not bound by the advisory Guidelines and said that it had considered alternative sentences. Accordingly, the Court sentenced [Petitioner] to 188 months' imprisonment, the bottom of the Guidelines range.

*United States v. Williams*, 488 F. App'x 579, 579-580, 579 n. 1 (3d Cir. 2012).

Petitioner filed a direct appeal of his sentence with the Third Circuit, in which he argued that his sentence was not subjectively reasonable. *Id.* at 580-81. The Court of Appeals rejected Petitioner's arguments and affirmed his sentence noting:

> there can be no doubt from a reading of the sentencing transcript that the District Court carefully considered the § 3553(a) factors before imposing the sentence. Even though our precedents do not require it, the Court touched on almost every pertinent factor and prudently explained why application of the career offender guideline was necessary in this case given [Petitioner's] background and needs, the interest of deterrence, and the mandate to avoid unwarranted disparities. *See, e.g., United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007). The District Court's conclusion was eminently reasonable.
>
> [Petitioner also] asserts that the District Court did not appreciate the advisory nature of the Guidelines and did not heed the parsimony clause of § 3553(a). These arguments are belied by the record, however, which demonstrates that the District Court was well aware that the Guidelines are advisory and that the sentence imposed comports with all aspects of § 3553(a), including the parsimony clause.

5

*Id.* Petitioner thereafter filed his motion to vacate his sentence in this Court. (ECF No. 1).

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

### B. Analysis

#### 1. An evidentiary hearing is not required

A district court need not hold an evidentary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v.*

*Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, --- F. Supp. 3d ---, ---, No. 13-2896, 2015 WL 4742380, at *3 (D.N.J. Aug. 11, 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. For the reasons set forth below, Petitioner's claims are clearly without merit and no evidentiary hearing is required for the disposition of petitioner's motion.

**2. Petitioner's ineffective assistance of counsel claim**

Petitioner asserts that his counsel was constitutionally ineffective during the plea hearing stage of his criminal prosecution as counsel failed to adequately address Petitioner's sentencing exposure and the applicability of the career offender enhancement. The standards applicable to such a claim are well established:

> In *Strickland v. Washington*, [466 U.S. 668] (1984), the Supreme Court established a two-part test to evaluate ineffective assistance of counsel claims. The first part of the Strickland test requires "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." [*Id.* at 687] (internal citations omitted). The second part specifies that the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." [*Id.* at 694]. We have reasoned that "there can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).
>
> The year after deciding Strickland, the Supreme Court slightly modified the prejudice prong of the Strickland test in connection with guilty pleas. *See Hill v. Lockhart*, [474 U.S. 52]

7

> (1985). "In order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." [*Id.* at 59] (internal quotations omitted). The Court has re-emphasized that "[d]efendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper*, --- U.S. ---, 132 S.Ct. 1376, 1384[] (2012).
>
> When addressing a guilty plea, counsel is required to give a defendant enough information " 'to make a reasonably informed decision whether to accept a plea offer.'" *Shotts v. Wetzel*, 724 F.3d 364, 376 (3d Cir. 2013) (quoting *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992)), *cert. denied*, --- U.S. ---, 134 S.Ct. 1340[] (2014). We have identified potential sentencing exposure as an important factor in the decisionmaking process, stating that "[k]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty." *Day*, 969 F.2d at 43. In order to provide this necessary advice, counsel is required "to know the Guidelines and the relevant Circuit precedent...." *United States v. Smack*, 347 F.3d 533, 538 (3d Cir.2003). However, "an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where ... an adequate plea hearing was conducted." *United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007).

*United States v. Bui*, 795 F.3d 363, 366-67 (3d Cir. 2015). Any prejudice arising out of misstatements regarding sentencing exposure, either in the form of promises as to sentence or misstatements regarding the applicable Guidelines range, is thus dispelled where the petitioner was clearly informed about the maximum sentence and as to the Court's discretion in sentencing him. *Shedrick*, 493 F.3d at 299.

Petitioner argues that he received ineffective assistance of counsel because counsel did not advise him that he was subject to a career criminal enhancement under the Guidelines, and thus did not give Petitioner proper advice as to his sentencing exposure. In both his plea agreement and rule 11 application, however, Petitioner was directly informed that he faced a sentence which had a mandatory minimum of five years, a statutory maximum of forty years, and that Petitioner's

8

sentence would be within the sole discretion of this Court. Petitioner was likewise directly informed in the plea agreement and Rule 11 application that this Court was free to reject any stipulations as to sentencing contained in the plea agreement, and that the Court had the discretion to sentence Petitioner to any sentence that fell below the statutory maximum based on the Court's considration of the advisory Guidelines and the appropriate sentencing factors. Clearly, Petitioner was informed of the maximum and minumum sentence he faced, this Court's sentencing discretion, and that Petitioner would be unable to withdraw his plea even if this Court sentenced him to a term significantly longer than that to which he agreed in the plea agreement. Coupled with this Court's explanation of its discretion during the plea hearing, as well as Petitioner's statement that he had discussed the plea deal and application with his attorney and was satisfied with his attorney's explanations thereof, that Petitioner received all the required information regarding his sentencing exposure removes any prejudice Petitioner may have faced as a result of counsel's allegedly inadequate advice. *Bui*, 795 F.3d at 366-67; *Sherdrick*, 493 F.3d at 299. Thus, Petitioner's assertion that counsel was constitutonally ineffective must fail as he cannot show that he was prejudiced. *Bui*, 795 F.3d at 366-67; *Sherdrick*, 493 F.3d at 299.

### 3. Petitioner's specific performance claim

In addition to his ineffective assistance of counsel argument, Petitioner also argues that he should be entitled to specific performance on his plea agreement and this Court should be required to resentence Petitioner based on the Guidelines calculation presented in the plea agreement. There is, however, no support in the caselaw for Petitioner's assertion. Indeed, as the caselaw makes abundantly clear, this Court is in no way bound by any plea agreement, and a petitioner is not entitled to have the Court accept his plea agreement regardless of the fact that he and the

9

Government both entered into that agreement. *See Missouri v. Frye*, --- U.S. ---, ---, 132 S. Ct. 1399, 1410 (2012) ("a defendant has no right to be offered a plea . . . nor a federal right that a judge accept it"); *see also Lafler*, --- U.S. at ---, 132 S. Ct. at 1387 (same).  In any event, Petitioner already received specific performance of his plea agreement – the only other party to that agreement, the Government, did exactly what it promised that it would do – argue that this Court should sentence Petitioner on the basis of the sentencing calculation contained within the plea agreement.  That this Court did not accept that calculation is of no moment as the plea agreement itself specifically states that this Court need not accept it, and the Government, in offering the plea deal, had no ability to bind this Court's sentencing discretion.  To the extent that Petitioner asserts that he was somehow deceived into taking the agreement by the Government, that assertion is without support in the record and would provide no support for his assertion that he is entitled to a sentencing under the terms of the plea agreement in any event.   Petitioner was clearly informed of the possibility that he could be sentenced beyond the terms set in the plea agreement, and entered into the agreement knowingly and voluntarily anyway.  Petitioner's assertion that he is entitled to a resentencing without the career criminal enhancement is utterly without merit.

In his amended reply brief, Petitioner also belatedly attempts to raise the argument, previously raised on direct appeal, that this Court did not appreciate the advisory nature of the Guidelines.  As the Court of Appeals explained to Petitioner on direct appeal, that assertion is directly contradicted by this Court's statements both during his plea hearing and in his sentencing. *See Williams*, 488 F. App'x at 581.  Petitioner's reassertion of this clearly meritless claim provides no basis for relief in this matter.  As all of Petitioner's claims are patently without merit, Petitioner's § 2255 motion must be denied.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c) the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because Petitioner's claims are clearly without merit, jurists of reason would not disagree with this Court's denial of Petitioner's motion, and Petitioner's claims are not adequate to deserve encouragement to proceed further. This Court therefore denies Petitioner a certificate of appealability. *Id.*

## V. CONCLUSION

For the reasons set forth above, Petitioner's motion to vacate his sentence (ECF No. 1) is DENIED, and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

March 4, 2016

                                                  *s/ Susan D. Wigenton*
                                                  Hon. Susan D. Wigenton,
                                                  United States District Judge